T.C. Memo. 2010-117


UNITED STATES TAX COURT


ALEXANDER NICHOLAS LUKOVSKY, PATRICIA M. LUKOVSKY, NEXT FRIEND,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 22749-08, 22750-08,    Filed May 27, 2010.
           22751-08.


        P began receiving pension benefits in 1981.  He
claimed he was entitled to disability benefits, but his
employer denied that claim.  In 2002, 2004, and 2005, P
received pension benefits and incurred medical
expenses.  He filed no returns for those years.  The
IRS prepared a substitute for return (SFR) for each
year and issued for each year a notice of deficiency
determining a deficiency in tax plus additions to tax
pursuant to I.R.C. secs. 6651(a)(1) and (2) and 6654.
The IRS's determination included the pension benefits
in P's taxable income and allowed P only the standard
deduction pursuant to I.R.C. sec. 63(c).  In September
2008 P filed petitions to commence these cases, and the
Court scheduled the cases to be tried a year later in
September 2009.  P moved for a continuance, asserting a
need for more time to obtain documents to substantiate
itemized deductions.  The Court granted the continuance
and ordered P to produce by December 2009 all the
documents that P relies on to substantiate deductions.

P requested and was granted an additional 2 months but did not produce substantiating documents in February 2010.  R moved for summary judgment, asserting that P's pension income is taxable, that P is entitled only to the standard deduction, and that P is liable for the additions to tax.  P did not respond to R's motion for summary judgment.

Held:  P's pension benefits are taxable and are not "amounts received under workmen's compensation acts as compensation for personal injuries or sickness" for purposes of I.R.C. sec. 104(a)(1).

Held, further, P is not entitled to itemized deductions.  Where P has the burden to prove his entitlement to those deductions but fails to produce substantiation of those deductions in compliance with the Court's order, R is entitled to partial summary judgment on the issue.  See Celotex v. Catrett, 477 U.S. 317 (1986).

Held, further, P is liable for the additions to tax under I.R.C. secs. 6651(a)(1) and 6654 for 2002, 2004, and 2005, and for the addition under I.R.C. sec. 6651(a)(2) for 2002 and 2005.

Held, further, genuine issues of material fact preclude summary judgment on the issues of:  the precise amount of P's pension income in 2004; the precise amount of the taxable portion of P's Social Security benefits in 2004; the number of personal exemptions to which P is entitled; the amount of the standard deduction to which P is entitled; and P's liability under I.R.C. sec. 6651(a)(2) for the failure-to-pay addition to tax for 2004, for which year R has not shown that the SFR was signed in compliance with I.R.C. sec. 6020(b)(2).

Patricia M. Lukovsky, for petitioner.

James L. Gessford, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge:  These cases are before the Court pursuant to section 6213(a)[1] for redetermination of deficiencies in tax and additions to tax for 2002, 2004, and 2005, which the Internal Revenue Service (IRS) determined against petitioner Alexander Nicholas Lukovsky.  Mr. Lukovsky's daughter Patricia Lukovsky serves in these cases as his "next friend" pursuant to Rule 60(d), because of Mr. Lukovsky's extremely poor health.  The cases are currently before the Court on a motion for summary judgment filed March 25, 2010, by respondent, the Commissioner of Internal Revenue.  Ms. Lukovsky made no response to the Commissioner's motion; and for the reasons explained below, we will grant that motion in part.

## Background

The following facts are based on the pleadings, the parties' partial stipulation filed August 19, 2009, and the exhibits submitted with the Commissioner's motion.  At the time his petitions were filed, Mr. Lukovsky resided in Minnesota.

---

[1]Except as otherwise noted, all section references are to the Internal Revenue Code (26 U.S.C.), and all Rule references are to the Tax Court Rules of Practice and Procedure.

Mr. Lukovsky's pension dispute

Mr. Lukovsky worked as a police officer in Duluth, Minnesota, until no later than May 1977, at which time he had been in active service for 25 years and was over the age of 50. (Consequently, he had served the requisite number of years to be entitled to a pension.) He applied for disability benefits, but his application was eventually denied. He began receiving pension benefits (not disability benefits) at least as early as March 1981.

Mr. Lukovsky apparently received no benefits for the period May 1977 through February 1981. In December 1981 he brought a lawsuit against the City of Duluth and its Police Department, alleging that they had wrongly denied him disability benefits. He apparently claimed both (1) that his pension benefits should have been characterized as disability benefits and (2) that he should have been given benefits before March 1981. Our record does not show the outcome of that lawsuit and, in particular, does not show that Mr. Lukovsky ever established his entitlement to disability benefits. As recently as September 2005 the State of Minnesota affirmed its denial of Mr. Lukovsky's claim for pre-1981 benefits and for disability benefits.

Mr. Lukovsky's income and expenses during the years at issue

In the three years at issue, Mr. Lukovsky received from Minnesota's Public Employees Retirement Association (PERA)

pension benefits totaling $43,599.12 in 2002, $21,768.21[2] in

2004, and $45,968.88 in 2005. His endorsement of each of the

monthly checks making those payments is preceded by the phrase

"Cashed Under Protest Pending Legal Reconsideration" or words to

the same effect.

Mr. Lukovsky also received the following amounts of income

during the years at issue:

| Income | 2002 | 2004 | 2005 |
|---|---|---|---|
| Social Security benefits | $3,112 | $3,223 | $3,313 |
| Mellon Bank dividends | [1]-0- | 52 | 26 |
| IRS interest payment | --- | 89 | --- |

[1]Mr. Lukovsky received $26 in dividends from Mellon in 2002, but the parties have stipulated that it was not taxable.

For purposes of summary judgment, we assume that

Mr. Lukovsky spent the following amounts for prescription

medications for himself and his wife: $577.27 in 2002, $1,386.90

in 2004, and $1,283.37 in 2005.[3]

_____

[2]The statutory notice of deficiency for 2004 recites that the 2004 pension payments consisted of two amounts ($21,768 and $23,079) that total $44,847. However, the exhibits attached to the Commissioner's motion include only one Form 1099-R, "Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.", from PERA in the amount of $21,768.21 and twelve checks from 2004 that also total $21,768.21. Under Rule 121, where every inference is drawn in favor of the non-movant, we hold that there is a genuine issue of material fact as to the $23,079 that is stated in the notice of deficiency but that is not substantiated with a Form 1099-R or canceled checks.

[3]These amounts are derived from receipts that Ms. Lukovsky attached (without authentication) to a status report that she filed February 17, 2010. Although she failed to submit them in
(continued...)

Substitutes for return and notices of deficiency

Mr. Lukovsky filed no Federal tax return for any of the five years 2001 through 2005--i.e., including the three years at issue. For the years at issue--2002, 2004, and 2005--he made no estimated tax payments or other payments of tax.

Consequently, in March 2008 the IRS prepared a substitute for return (SFR) for each year.[4] On each SFR the IRS included the income described above (including the pension benefits). Each SFR allowed the standard deduction pursuant to section 63(c) (rather than itemized deductions, which Mr. Lukovsky had never claimed). Each SFR then computed Mr. Lukovsky's income tax liability, as well as additions to tax for failure to file returns (under section 6651(a)(1)), failure to pay tax shown on a

---

[3](...continued)
response to the Commissioner's motion, we assume for purposes of summary judgment that they are authentic, that they substantiate the expenses reflected thereon, and that those expenses are deductible. However, as we explain below, they are in amounts less than the standard deduction to which Mr. Lukovsky is entitled without any substantiation.

[4]The SFRs for 2002 and 2005 are signed by an IRS official, but the SFR for 2004 is not signed. For the significance of this omission, see part V.B below.

return (under section 6651(a)(2)), and failure to pay estimated tax (under section 6654(a)), as follows:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $7,278 | $1,637.55 | $1,819.50 | $243.20 |
| 2004 | 6,443 | 1,449.67 | 1,159.74 | 184.61 |
| 2005 | 6,567 | 1,477.57 | 788.04 | 263.41 |

On June 16, 2008, the IRS issued to Mr. Lukovsky three statutory notices of deficiency--one for each of the years 2002, 2004, and 2005--determining in each year the deficiency of tax and additions to tax set out above.

Tax Court proceedings

On September 15, 2008, Mr. Lukovsky's daughter Patricia Lukovsky filed the petitions in these three cases.  She signed each petition as his "POA" (power of attorney), and to each petition she attached a statement explaining that she is his daughter and is the sole care giver for him and her mother.  The Court recognized her as Mr. Lukovsky's "next friend" pursuant to Rule 60(d).  The petitions assert that Mr. Lukovsky is not taxable on his pension income and that, even if he is, he has deductions that would offset the income and reduce or eliminate

his tax liability.[5]  Regarding deductions, the petitions allege that--

> 2.)  The deductions are standard and do not reflect credits allowed for medical or dental expenses.
>
> *       *       *       *       *       *       *
>
> 4.)  The deductions do not reflect credits for property loss or casualty loss.

In April 2009 the Court issued notice to the parties that these cases would be tried at the Court's trial session beginning September 14, 2009, in St. Paul, Minnesota.  With that notice, the Court issued its Standing Pretrial Order, which, inter alia, required as follows:

> Any documents or materials which a party expects to utilize in the event of trial (except solely for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 14 days before the first day of the trial session [i.e., by August 31, 2009].

By motion filed July 16, 2009, and supplemented July 27, 2009, Ms. Lukovsky requested a continuance of trial, explaining that health problems--her parents' and her own--made it difficult for her to meet the deadline for exchanging documents.  The Court then held a telephone conference with the parties, during which the Court asked Ms. Lukovsky to state a date by which she would

---

[5]The petitions also allege denial of "credits for disability", but we know of no credit to which they refer. Because the petition seems to use "credit" and "deduction" interchangeably, we infer that "credits for disability" means deductions for disability-related medical expenses.

be able to provide the documents. She agreed that she would be able, by December 1, 2009, to provide to the IRS all of the documents on which she would rely to substantiate the deductions at issue. (She thus requested a three-month extension of the deadline in the Standing Pretrial Order.) By order of August 14, 2009, the Court granted the continuance that Ms. Lukovsky had requested, and ordered--

> that, on or before December 1, 2009, petitioner shall provide to the IRS all of the documents on which she will rely to substantiate the deductions at issue in this case.

Both at the telephone conference and in the order of August 14, 2009, the Court advised Ms. Lukovsky--

> that any request to modify that schedule for medical reasons would have to be supported by a letter from a doctor that not only explains the difficulties that she is experiencing but also the expectation for a schedule on which the business of this case can be handled.

The parties filed a partial stipulation on August 19, 2009, that set out facts relevant to the income issues in the petitions; but Ms. Lukovsky did not otherwise comply with the Court's order. Rather, on November 30, 2009, Ms. Lukovsky filed a motion (dated November 24, 2009) to extend the time within which she was to comply with the Court's order and produce her documents to the Commissioner, explaining that medical issues had impeded her progress. She asked to be allowed "until the end of January 2010"--i.e., January 31, 2010. Since January 31 was a Sunday, the effective date of such an extension would be Monday,

February 1, 2010, a further extension of 62 days (or two months). Despite the Court's prior instruction, Ms. Lukovsky attached no doctor's letter to her motion. However, the Commissioner did not object to the requested extension, and the Court granted it by order of December 22, 2009, thereby allowing Ms. Lukovsky a total of five months of additional time, beyond the deadline originally imposed in the Standing Pretrial Order. The Court's order included this warning:

> Ms. Lukovsky is warned that, absent extraordinary circumstances, she should expect that <u>no further enlargements or continuances will be granted</u>. She should expect that <u>any motions or requests based on medical allegations will be disregarded unless they are supported by a statement from a doctor</u>. This case will be resolved on a reasonable schedule, with any documentation that Ms. Lukovsky can muster by February 1. The Court's unwillingness to allow indefinite delays is not based on impatience or a desire to disadvantage the petitioner, but rather is based both on the Court's need and obligation to resolve its business efficiently <u>and</u> on the fact that, as time passes, information becomes less and less available, as memories fade and documents scatter.

Thereafter, the Court received from Ms. Lukovsky various submissions explaining the hardships of her situation, including a February 17, 2010, filing that argued:

> The information that is available at this stage * * * is sitting in our home. * * * Even if institutions may no longer have records of those years there are probably those or others safely tucked away at our home.

Still, Ms. Lukovsky had not identified those records nor provided them to the Commissioner.

On February 16, 2010, the Commissioner filed a motion to preclude Ms. Lukovsky from offering into evidence any documents in support of Mr. Lukovsky's claimed deductions, as a sanction for her non-compliance with the Court's order of December 22, 2009. The motion stated the Commissioner's intention to move for summary judgment. By order of February 24, 2010, the Court took under advisement the Commissioner's motion for sanctions and set a deadline for a motion for summary judgment.

The Commissioner served a motion for summary judgment on March 24, 2010. On March 29, 2010, the Court ordered Ms. Lukovsky as follows:

> If petitioner disputes the motion [for summary judgment], then pursuant to Rule 121 the opposition to the motion should include affidavits and other evidence to show that there are disputes of fact that make summary judgment inappropriate and require a trial. The Court observes that, generally speaking, there appear to be three sets of issues in the case: (1) income issues (as to which the parties filed a stipulation of facts on August 19, 2009), (2) deduction issues (as to which respondent asserts that petitioner has not substantiated the deductions), and (3) additions to tax and penalties. Petitioner should respond as to each of these three sets of issues.

> The deduction issues appear to implicate to [sic] the Court's prior orders in this case requiring petitioner to produce to the IRS the documents on which petitioner relies to dispute the deficiency that the IRS determined. If petitioner possesses documents that substantiate any deductions claimed, then certified copies of those documents should be included with the opposition to respondent's motion. Petitioner should expect that no deduction will be allowed in this case if it is not substantiated in petitioner's opposition.

The Court then ordered Ms. Lukovsky to respond to the motion for summary judgment by no later than April 19, 2010. As of the date of this opinion--almost nine months after her original deadline (i.e., August 31, 2009) to disclose her documents to the Commissioner pursuant to the Standing Pretrial Order-- Ms. Lukovsky has made no response to the Commissioner's motion for summary judgment.

Discussion

## I. Summary judgment standards

Where the pertinent facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary trial. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

The party moving for summary judgment bears the burden of showing that there is no genuine issue as to any material fact, and factual inferences will be drawn in the manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Most of the facts pertinent to the income issues are stipulated, and no material factual disputes keep us from deciding whether the pension income is taxable. Where the issue is substantiation of deductions, the

Commissioner carries his burden as movant by showing that, despite the Court's orders, Ms. Lukovsky has failed to produce substantiating documents and that she thereby shows that she cannot state a prima facie case. The Supreme Court has held that where the party who does not have the burden of proof has attempted discovery, but the party with the burden of proof has not responded with evidence sufficient to carry its burden of proof, summary judgment may be granted in favor of the party who shows that discovery yielded no evidence. Celotex v. Catrett, 477 U.S. 317 (1986).

As a general rule, the petitioner in a deficiency case bears the burden of proof, see Rule 142(a), and there is nothing in the record to suggest any reason that the burden would shift in this case. Thus, Ms. Lukovsky has the burden to substantiate Mr. Lukovsky's entitlement to any deductions. However, apart from the prescription medicine expenses described above, she has not come forward with any evidence to carry that burden--despite her general obligation under Rule 70(a)(1) to cooperate with informal discovery, despite the Standing Pretrial Order, and despite the Court's orders of August 14 and December 22, 2009, requiring her to "provide to the IRS all of the documents on which she will rely to substantiate the deductions at issue in this case."

The Commissioner has therefore made an adequate showing to support a motion for summary judgment on the issue of

Mr. Lukovsky's deductions in the years at issue, and it was incumbent on Ms. Lukovsky to respond to that motion. Rule 121(d) requires:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

Ms. Lukovsky was therefore not entitled to rely on her allegations in the petitions that Mr. Lukovsky had incurred "Medical or dental expenses" or "casualty loss" but rather was obliged to bring forward any evidence she has to substantiate these or any other claimed deductions. She did not do so.

## II. Income issues

The facts relevant to most of the income issues are adequately set out in the parties' stipulation filed August 19, 2009. That income is taxable, and the Commissioner is entitled to partial summary judgment, as we now show.

### A. Pension income

The petitions allege that "[t]he income comes from a lifetime, non-taxable disability annuity." We infer that Ms. Lukovsky contends that her father's pension benefits were "amounts received under workmen's compensation acts as compensation for personal injuries or sickness", which are

excluded from income pursuant to section 104(a)(1).[6]  However,

Mr. Lukovsky never received disability payments.  He received a

pension.  He contended with his former employer on the subject

and urged that he should be given disability, but the contention

did not prevail.  Consequently, the record shows no basis for

excluding Mr. Lukovsky's pension benefits from income.

The petitions allege:  "Previous Tax Court Appeals have been

entered into and have been resolved in the petitioner's favor."

If this is an argument that the outcome in this case should be

bound by the outcome of previous Tax Court cases, that argument

cannot succeed.  The relevant doctrine is collateral estoppel,

which the Supreme Court has summarized thus:

> Under collateral estoppel, once a court has decided an
> issue of fact or law necessary to its judgment, that
> decision may preclude relitigation of the issue in a
> suit on a different cause of action * * *.

Allen v. McCurry, 449 U.S. 90, 94 (1980).  Thus, if the Tax Court

had previously decided that Mr. Lukovsky's pension income is not

taxable, then Ms. Lukovsky could invoke that doctrine to attempt

---

[6]The regulations make clear that this income exclusion does
extend to amounts received "under a statute in the nature of a
workmen's compensation act", but not to "a retirement pension or
annuity to the extent that it is determined by reference to the
employee's age or length of service, * * * even though the
employee's retirement is occasioned by an occupational injury or
sickness."  26 C.F.R. sec. 1.104-1(b), Income Tax Regs. (emphasis
added).  We do not analyze whether Mr. Lukovsky's pension
benefits, even if they had been ostensibly paid as disability
payments, would qualify for exclusion under these principles,
since his argument stumbles at the starting gate as a factual
matter.  His pension payments were never characterized as
disability payments.

to bar the IRS from relitigating the matter in this case.
However, Ms. Lukovsky has not pointed to any Tax Court decision
that addresses this issue.  Our records show that Mr. Lukovsky
has previously filed suit in the Tax Court, but none of his cases
has resulted in any decision of this or any other specific
issue.[7]

We therefore hold that Mr. Lukovsky's pension income is
taxable.  However, there is a genuine issue of material fact as
to the amount of that income in 2004 (i.e., whether or not to
include $23,079 for which our record includes no Form 1099 or
canceled checks; see supra note 2).  We will therefore grant
partial summary judgment on the pension income issue.

B.  Other income

The parties have stipulated that Mr. Lukovsky received the
interest and dividends at issue, and section 61(a)(4) and (7)
provides that interest and dividends are generally taxable.  The

---

[7]Mr. Lukovsky filed three petitions that ended in stipulated decisions of no deficiency and no overpayment:  Lukovsky v. Commissioner, docket No. 26717-91 (involving 1985, 1987, and 1988; stipulated decision entered June 30, 1993); Lukovsky v. Commissioner, docket No. 12018-92 (involving 1989; stipulated decision entered June 30, 1993); and Lukovsky v. Commissioner, docket No. 12315-95 (involving 1991 and 1992; stipulated decision entered Oct. 8, 1996).  Mr. Lukovsky's income tax liabilities for 1995 and 1996 were involved in Lukovsky v. Commissioner, docket No. 11936-99, and that case was dismissed for lack of prosecution on May 18, 2001, in an order that sustained deficiencies in tax and additions to tax.  The collection of those 1995 and 1996 liabilities was put at issue in Lukovsky v. Commissioner, docket No. 3546-04S, which was dismissed for mootness on April 13, 2005. We take notice of our records in these cases pursuant to Rule 201 of the Federal Rules of Evidence.

petitions do not suggest that, and Ms. Lukovsky has not given any reason that, this income is not taxable to Mr. Lukovsky.

Likewise, Ms. Lukovsky has suggested no reason that her father's Social Security benefits are not taxable to the extent provided in section 86, and we hold that they are taxable to that extent. The notice of deficiency for each year includes in Mr. Lukovsky's income 85 percent of his Social Security benefits, consistent with section 86(a)(2)(B). This appears to be correct for 2002 and 2005, and Ms. Lukovsky has shown no error in this percentage.

However, as to 2004--for which we have held that there <u>is</u> a genuine issue of material fact as to the inclusion of $23,079 in Mr. Lukovsky's income (see <u>supra</u> note 2)--we cannot yet determine his modified adjusted gross income (as defined in section 86(b)(2)), and it is therefore not clear whether the taxable portion of his benefits is 85 percent (as in section 86(a)(2)(B)) or is instead a lesser percentage (as in section 86(a)(1)). For that reason, we hold that a portion of Mr. Lukovsky's Social Security benefits for 2004 is taxable but that there is a genuine issue of material fact as to the taxable amount.

III. <u>Deduction issues</u>

Mr. Lukovsky filed no returns--and thus claimed no itemized deductions pursuant to section 161--for the three years at issue. Consequently, in its notices of determination, the IRS allowed

him the standard deduction pursuant to section 63(c).  The petitions allege that--

    2.)  The deductions are standard and do not reflect credits allowed for medical or dental expenses.

    *      *      *      *      *      *      *

    4.)  The deductions do not reflect credits for property loss or casualty loss.

In this litigation the Commissioner attempted to learn the amounts of these alleged deductions and to obtain Ms. Lukovsky's substantiation for them, but she did not cooperate.  The Court ordered her to provide her substantiation for them, but the only substantiation she supplied was for prescription medicine expenses in amounts that, in each year, were less than the standard deduction that was already allowed in the notice of deficiency.  The Commissioner moved for summary judgment, and Ms. Lukovsky did not respond.

Under Celotex v. Catrett, 477 U.S. 317 (1986), it was incumbent on Ms. Lukovsky to respond with substantiating evidence in order to raise a genuine issue of material fact, and the Court explained this obligation to her in its order of March 29, 2010. She has substantiated expenses (prescription medicine) only in amounts less than the standard deduction that the IRS already allowed in the notices of deficiency.  In the absence of substantiation of any further amounts, we now hold that there is no genuine issue on the matter of itemized deductions, and that

Mr. Lukovsky is entitled only to the standard deduction of section 63(c).[8]

IV.  Personal exemption issues

The petitions allege that "Petitioner received no credit for his own disability and related costs for himself and other disabled family members that he has assumed".  We construe broadly the petition of a pro se litigant, see Rule 31(d); Haines v. Kerner, 404 U.S. 519, 520 (1972), and we understand the petitions in these cases to raise the issue of personal exemptions under sections 151 and 152.[9]  The Commissioner did not move for summary judgment on this issue, and we do not resolve it in this opinion.

---

[8]However, the precise amount of the standard deduction remains unresolved because of issues, discussed in part IV below, that may affect the computations under section 63(c)(2), (c)(3), and (f).  Because the Commissioner made no argument or showing in support of the amounts stated (but not explained) in the notices of deficiency, we do not grant summary judgment on this issue.

[9]Although section 151 provides that the personal exemptions "shall be allowed as deductions", they are distinct from the itemized deductions allowed in section 161, which "allow[s] as deductions the items specified in this part" (emphasis added)-- i.e., part VI, consisting of sections 161 through 199.  We assume that Ms. Lukovsky, like many taxpayers, thinks of "deductions" as itemized deductions and considers "exemptions" to be a distinct matter.  We therefore assume that, when the Commissioner sought and the Court ordered Ms. Lukovsky to provide substantiation for "deduction issues", she did not think that she was being called on to demonstrate Mr. Lukovsky's entitlement to exemptions for his wife and other dependents.

V.    <u>Additions to tax</u>

Under section 7491(c), "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title."  With the minor exception noted below, the Commissioner has met that burden of production, and we sustain most of the additions to tax.

A.    <u>Section 6651(a)(1)</u>

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return.  See also <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).  The parties have stipulated that Mr. Lukovsky received his pension benefits but failed to file returns for 2002, 2004, and 2005; and with that stipulation the Commissioner has satisfied his burden of production under section 7491(c).

Section 6651(a)(1) provides for the addition "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  The petitions made no allegation that can be construed as pleading such "reasonable cause"; and Ms. Lukovsky made no showing of reasonable cause--indeed, no response at all-- to oppose the Commissioner's motion for summary judgment.  We therefore hold that Mr. Lukovsky is liable for the failure-to-file addition.

B.    Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return.  The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return.  Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  The Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires him to introduce evidence that a return showing the taxpayer's tax liability was filed for each of the years at issue.  Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

In cases such as these, where the taxpayer did not timely file returns for the years at issue, the Commissioner must introduce evidence that a valid substitute for return was made for each year pursuant to section 6020(b).  Cf. sec. 6651(g)(2).  The Commissioner submitted with his motion for summary judgment copies of the SFRs for the three years at issue.  To constitute a valid substitute for return under section 6020(b), "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'."  Spurlock v. Commissioner, T.C. Memo. 2003-124.

All three SFRs "contain sufficient information"; and the SFRs for 2002 and 2005 are subscribed as required by section 6020(b)(2); but the SFR for 2004 is not subscribed.  As a result, the 2004 SFR does not satisfy section 6020(b), and the

Commissioner has therefore so far failed to satisfy his burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax for that year; but he did meet his burden as to 2002 and 2005.

As with the section 6651(a)(1) failure-to-file addition, section 6651(a)(2) provides for the failure-to-pay addition "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Again, Ms. Lukovsky made no response at all to the Commissioner's motion for summary judgment. Accordingly, we will grant summary judgment in favor of the Commissioner as to Mr. Lukovsky's liabilities for the addition to tax under section 6651(a)(2) for the 2002 and 2005 tax years, but we hold that for the 2004 tax year a genuine issue of material fact as to the sufficiency of the SFR precludes summary judgment as to the section 6651(a)(2) addition to tax.

C.    Section 6654

For the years at issue Mr. Lukovsky made no payments of estimated tax--indeed, no tax payments of any kind. Section 6654 imposes an addition to tax on an individual taxpayer who underpays his estimated tax. A taxpayer has an obligation to pay estimated tax for a particular year if he has a "required annual payment" for that year. Sec. 6654(d). A "required annual payment" is defined in section 6654(d)(1)(B) as:

the lesser of--

>   (i)  90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or

>   (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.

Clause (ii) shall not apply if * * * the individual did not file a return for such preceding taxable year.

Thus, the Commissioner's burden of production under section 7491(c) requires him to produce, for each of the years at issue, evidence that the taxpayer had a required annual payment under section 6654(d); and in order to do so he must demonstrate the tax shown on the taxpayer's return for the preceding year, unless he can show that the taxpayer did not file a return for that preceding year.  See Wheeler v. Commissioner, supra at 210-212.

The years at issue are 2002, 2004, and 2005, for which the "preceding taxable year[s]" are 2001, 2003, and 2004.  For one of these preceding years (2004), the parties stipulated that Mr. Lukovsky filed no return.  For the other two preceding years (2001 and 2003), the Commissioner submitted Forms 4340, "Certificate of Assessments, Payments, and Other Specified Matters", showing that no returns were filed.  The Commissioner has thus carried his burden of production under section 7491(c) with respect to the section 6654 additions for the years at issue.

The section 6654 addition to tax is mandatory (i.e., it says that the addition "shall be added", and it provides no "reasonable cause" exception) unless the taxpayer can place himself within one of the computational exceptions provided for in subsection (e) thereof. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Ms. Lukovsky has not made any argument about section 6654, and there is no showing that any of the exceptions applies. Accordingly, we hold that Mr. Lukovsky is liable for the addition to tax under section 6654 for the 2002, 2004, and 2005 tax years.

## Conclusion

We find that there is no genuine issue of material fact, and that the Commissioner is entitled to judgment as a matter of law, on the following issues:

- Mr. Lukovsky's interest and dividend income in the amounts stipulated is taxable.

- Mr. Lukovsky's pension benefits constitute taxable income in the amounts of $43,599.12 in 2002 and $45,968.88 in 2005 and in a not-yet-determined amount of no less than $21,768.21 in 2004.

- Mr. Lukovsky's Social Security benefits (which he received in the amounts stipulated) is taxable to the extent of 85 percent in the years 2002 and 2005 and to an undetermined extent in 2004.

- Mr. Lukovsky has not substantiated itemized deductions in amounts greater than the standard deduction and is limited to the standard deduction (in amounts not yet determined).

- For all three years, Mr. Lukovsky is liable for the failure-to-file addition to tax under section 6651(a)(1) and the addition under section 6654 for failure to pay estimated tax; and for 2002 and 2005 he is liable under section 6651(a)(2) for the failure-to-pay addition to tax.

However, we find that genuine issues of material fact remain as to--

- whether Mr. Lukovsky's pension income was limited to $21,768.21 in 2004 or included additional amounts;

- whether the taxable portion of Mr. Lukovsky's Social Security benefits in 2004 is other than as reflected in the notice of deficiency;

- whether, for any or all of the years at issue, Mr. Lukovsky is entitled to more personal exemptions than are reflected in the notices of deficiency;

- whether the standard deduction to which Mr. Lukovsky is entitled is, for any or all of the years at issue, greater than as reflected in the notices of deficiency; and

- whether Mr. Lukovsky is liable under section 6651(a)(2) for the failure-to-pay addition to tax for 2004.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.